# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 14-30016-WRS
                                                         Chapter 7
ROGER FRANKLIN HARRISON,

    Debtor

TAMMY HARRISON,

    Plaintiff                                        Adv. Pro. No. 14-3039-WRS

v.

ROGER FRANKLIN HARRISON,

    Defendant

## MEMORANDUM DECISION

### I.

This Adversary Proceeding came before the Court for a status hearing on June 24, 2014. Plaintiff Tammy Renee Harrison was present by counsel W. Clyde Harr, III, and Defendant Roger Franklin Harrison was present by counsel Thomas A. Blackstock, Jr. After a discussion was had with counsel, it appears that, insofar as the effect of the bankruptcy of Roger Harrison has on his indebtedness to Tammy Harrison is concerned, there are no facts in dispute and the parties agree as to the application of law to those facts.

The parties were divorced on November 22, 2013, in proceedings styled Tammy Renee Harrison v. Roger Franklin Harrison, Civil No. 23-DR-2013-900147, in the Circuit Court for Covington County, Alabama. Pursuant to an agreement between the parties, which was made part of the judgment of divorce, Defendant Roger Franklin Harrison agreed to assume the debts

of the marriage. Shortly after the divorce became final, Roger Harrison filed a petition in bankruptcy in this Court on January 13, 2014. The question becomes, what effect does the bankruptcy filing have on the indebtedness under the divorce decree?

**II.**

The main issue here is whether Roger Harrison's indebtedness to Tammy is affected by Roger's bankruptcy filing. Section 523(a) of the Bankruptcy Code provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>
> * * *
>
> (5) for a domestic support obligation;
>
> * * *
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a).

Referring to the divorce decree, there are two provisions which are relevant here. First, Roger Harrison has an indebtedness for child support, which is clearly excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). Second, Roger is obligated to Tammy, to pay all of the marital debts. As this obligation arises "in connection with a . . . divorce decree," it is quite plainly excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).

2

An issue which sometimes causes confusion in cases such as this is that Roger has two separate kinds of indebtedness regarding the marital debts. First, he is directly liable to the original creditors on the debt. This debt will discharge when this Court enters an order of discharge. Second, his obligation to pay Tammy as a creditor does not discharge, as it is excepted from discharge under § 523(a)(15). This Court has previously discussed this issue. In re Davis, 2007 WL 4510367 (Bankr. M.D. Ala. Dec. 18, 2007). In Davis, the debtor agreed to pay certain marital debts. Davis took the position that his discharge in bankruptcy excused his liability both to his creditors and to his former spouse. In light of the 2005 amendments to the Bankruptcy Code, that was not correct. Where, as here, a spouse is obligated under the terms of a divorce decree to pay marital debts, the obligation to the former spouse is excepted from discharge even though the direct obligation to the creditor will discharge. Id., see also, Sherman v. Proyect (In re Proyect), 503 B.R. 765, 772-775 (Bankr. N.D. Ga. 2013); Jacobs v. Jaeger-Jacobs (In re Jaeger-Jacobs), 490 B.R. 352 (Bankr. E.D. Wis. 2013); Dittenber v. Brown (In re Brown), 488 B.R. 810 (Bankr. S.D. Ga. 2013); Stanley v. Stanley (In re Stanley), 2013 WL 1336103 (Bankr. N.D. Order entered March 29, 2013); Damschroeder v. Williams (In re Williams), 398 B.R. 464 (Bankr. N.D. Ohio 2008); Procter v. Tulloss (In re Procter), 2007 WL 7141802 (Bankr. N.D. Ga. March 21, 2007); Powell v. Shealey (In re Shealey), 2006 WL 6592071 (Bankr. N.D. Ga. Dec. 13, 2006).

Tammy Harrison mentions § 727 in her complaint, suggesting that she is seeking a denial of discharge rather than just a determination that her debt is excepted from discharge. However, nothing in the complaint suggests that Tammy Harrison has any basis to seek a denial of discharge and based upon the Court's colloquy with counsel, it appears that her only valid claim

3

is a determination that her debt is excepted from discharge pursuant to § 523(a)(15) and not a denial of discharge under § 727(a). As there is nothing in dispute here, it is appropriate that judgment should be entered.

### III.

The indebtedness owed by Roger Harrison to Tammy Harrison is excepted from Roger Harrison's discharge. His obligation to pay child support is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). His obligation to pay the marital debts is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). The Court will enter judgment by way of a separate document.

Done this 26th day of June, 2014.

/s/ William R. Sawyer  
United States Bankruptcy Judge

c: Willie C. Harr III, Attorney for Plaintiff  
   Thomas A. Blackstock Jr., Attorney for Defendant